IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| VICTOR WALTHOUR, SR., | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 10-01495 |
| | : | |
| v. | : | |
| | : | |
| JUDGE JON HERRON, | : | |
| | : | |
| Defendant. | : | |

**OPINION AND ORDER**

**Slomsky, J.**                                                                    **May 6, 2010**

        This case was instituted by *pro se* Plaintiff, Victor Walthour, Sr., on April 5, 2010.  The

Complaint (Doc. No. 1) alleges that on March 24, 2010 Defendant, the Honorable John W.

Herron (improperly captioned as "Judge Jon Herron"), signed a decree removing Plaintiff as the

legal guardian of Plaintiff's wife, Mrs. Rosalyn Walthour.  (Compl., 3.) The only further

averments are that a person named Sheila Gibson was also involved and that court reporters

witnessed this event.  (Id.)  The Complaint asserts federal question jurisdiction under 18 U.S.C.

§§ 241, 242, 245, 247, 371 and 1951, and 42 U.S.C. §§ 1983, 1985, 1986, and 3631.  (Id. at 2.)

The relief sought by Plaintiff includes:

> Removal of decision making duties[.] Everything he has now and in
> the future[.] Everything his wife has now and in the future[.]
> Everything any offspring has now and in future[.] Everything his in-
> laws have now and in future[.] Everything his parents have now and
> in future[.]

(Id. at 3-4.)

        Before the Court is a Motion to Dismiss (Doc. No. 3) and supporting Memorandum of

Law (Doc. No. 4) filed by Judge Herron. Plaintiff filed a response in the form of a Motion (Doc. No. 6) requesting that Judge Herron's Motion to Dismiss be denied (hereinafter "Plaintiff's Response in Opposition"). Plaintiff's Response in Opposition states in full:

> Now this day 16 April 2010 I ask that the motion to dismiss be denied.
> 1) Knowledge is power, I have the knowledge that a Judge cannot open and alter a settlement brokered by another Judge who ordered it sealed!

(Pl.'s Response in Opposition, 1.)

Attached to Plaintiff's Response in Opposition is a copy of a March 24, 2010 Interim Order and Opinion from the Court of Common Pleas of Philadelphia, Orphan's Court Division, signed by Judge Herron (hereinafter "Exhibit A"). From this Opinion, it is apparent that Plaintiff's wife is incapacitated and is the beneficiary of a trust for her care and maintenance, which is worth approximately $9,649,643. (Id. at Exhibit A, 1.)

On February 16, 2010, Judge Herron held a hearing regarding the proposed spending plan under Mrs. Walthour's trust. (Id.) After this hearing, Judge Herron Ordered that Plaintiff be removed as co-guardian of his wife's estate because the proposed spending plan was wasteful of Mrs. Walthour's assets. (Id.) The proposed spending plan would have resulted in a projected annual income deficit of approximately $368,500. (Id.) The concluding paragraphs of Judge Herron's Opinion state that:

> Victor Walthour, co-guardian, fails to appreciate the significant financial issues and in consideration of his testimony during the proceedings, this Court deems him unqualified to serve as co-guardian and orders that he cease to serve in this capacity.
>
> A further hearing shall take place on April 13, 2010 at 10:00 a.m. in Courtroom 416 City Hall at which time the remaining guardian Ms.

> Hobkirk shall appear and present an alternative care plan for the Incapacitated Person [i.e., Rosalyn Walthour].

(Id. at Exhibit A, 2.)

For reasons stated below, the Court will grant Defendant's Motion and dismiss the Complaint in its entirety.

## I.  MOTION TO DISMISS STANDARD

The motion to dismiss standard has undergone recent transformation, culminating with the Supreme Court's Opinion in  Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009).  After Iqbal it is clear that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" in defeating a motion to dismiss.  Id. at 1949; see also Bell Atlantic Corp. V. Twombly, 550 U.S. 544 (2007).  Applying the principles of Iqbal, the Third Circuit in Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009), articulated a two part analysis that district courts in this Circuit must conduct in evaluating whether allegations in a complaint survive a motion to dismiss.

First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." Id. at 210-11.  Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211.  In other words, a complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts.  Id. (citing Phillips v. County of Allegheny 515 F.3d 224, 234-35 (3d Cir. 2008)).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'– 'that the

pleader is entitled to relief.'" Iqbal, 129 S Ct. at 1950. This "plausibility" determination under step two of the analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

In this case, the allegations contained in Plaintiff's Complaint will be liberally construed, as pleadings filed by *pro se* plaintiffs are held to a less stringent standard than formal pleadings drafted by attorneys. Erickson v. Pardus, 551 U.S. 89, 94 (2007); see also Fed. R. Civ. P. 8(e) ("[p]leadings must be construed so as to do justice"). Plaintiff has not indicated whether he is suing Judge Herron in his official or personal capacity. Therefore, in deciding this Motion to Dismiss and construing Plaintiff's Complaint liberally, the Court will infer that Plaintiff intended to sue Judge Herron in both his official and personal capacity.

## II.    DISCUSSION

### A.    Failure to State a Claim Upon Which Relief May be Granted

#### 1.    Claims Under Criminal Statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951

A private individual may sue under a federal statute only when Congress intended to create a private right of action. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284-85 (2002) ("where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for a private suit").

In this case, Plaintiff asserts a violation of his rights under the following federal criminal statutes: 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951. (Compl., 2.) These statutes do not provide a private right of action under which Plaintiff may sue. See Powers v. Karen, 786 F. Supp. 46, 51 (E.D.N.Y. 1991) ("because [18 U.S.C. §§] 241 and 242 do not provide for a private

4

right of action, plaintiff's reliance on them is misplaced"), <u>aff'd</u>, 963 F.2d 1522 (2d Cir. 1992);

<u>People ex rel. Snead v. Kirkland</u>, 462 F. Supp. 914, 920 (E.D. Pa. 1978) ("[18 U.S.C. § 245]

permits federal prosecution for interference with a long list of federally protected activities; it

confers neither substantive rights nor a private right of action for damages"); <u>Vega v. Daniels</u>,

No. 07-1193, 2009 WL 80434, *10 (E.D. Cal. Jan. 13, 2009) (noting that 18 U.S.C. § 247 does

not provide a "basis for Plaintiff to pursue claims of violation of his constitutional rights");

<u>Rockefeller v. U.S. Court of Appeals Office for Tenth Circuit Judges</u>, 248 F. Supp.2d 17, 23

(D.D.C. 2003) (finding that there is no private right of action under 18 U.S.C. § 371); <u>Peterson v.

Philadelphia Stock Exchange</u>, 717 F. Supp. 332, 336 (E.D. Pa. 1989) ("The Hobbs Act [18

U.S.C. § 1951] contains no language which suggests it can provide civil relief.")

     It is clear that none of the criminal statues cited by Plaintiff provide him with a private

right of action. Generally, crimes are prosecuted by the government not by private citizens.

Therefore, Plaintiff's claims under 18 U.S.C. §§ 241, 242, 245, 247, 371 and 1951 will be

dismissed for failure to state a claim upon which relief may be granted.

     **2.**    **Claims Under Civil Rights Statutes: 42 U.S.C. §§ 1983, 1985, 1986, and 3631**

     *a.*    ***Claims Under 42 U.S.C. § 1983***

The civil rights statute 42 U.S.C. § 1983 provides in pertinent part that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, in order to properly plead a Section 1983 claim, Plaintiff must allege (1) conduct by a person, (2) who acted under color of state law, (3) which caused a deprivation of a federally protected right.  West v. Atkins, 487 U.S. 42, 48 (1988).

Although a state official, such as Judge Herron, is literally a "person," a suit for money damages against a state official in his official capacity is, in reality, a claim against the state itself.  Will v. Mich. Dep't of State Police, 491 U.S. 58,  64 (1989).  A state is not a "person" within the meaning of Section 1983.  Id. at 64.  As the Supreme Court explained in Will:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties....  Congress, in passing § 1983, had no intention to disturb the States' Eleventh Amendment immunity...

Id. at 66.  In other words, a claim against Judge Herron in his official capacity is simply a claim against the state, and a state cannot be sued under Section 1983 for money damages.[1]

Moreover, to adequately plead a § 1983 claim, Plaintiff must allege a deprivation of a federally protected right. Plaintiff has failed to do so.  The primary factual allegation contained in the Complaint is that Judge Herron signed a decree removing Plaintiff as the guardian of his wife.  This factual averment does not demonstrate a violation of any federally protected right by Judge Herron.  Therefore, Plaintiff's Section 1983 claim must be dismissed for failure to state a

---

[1] After the 1996 amendments to Section 1983, it is clear that a judicial officer may be sued in his official capacity for injunctive relief (i.e., non-monetary damages), but only where a declaratory decree was violated or declaratory relief was unavailable.  42 U.S.C. § 1983; Catanzaro v. Cottone, 228 Fed. App'x 164, 167 (3d Cir. 2007).  This is a very narrow avenue for relief and Plaintiff has failed to adequately allege that a declaratory decree was violated or that declaratory relief was unavailable to him.

claim upon which relief may be granted.

### b.    Claims Under 42 U.S.C. § 1985

Section 1985(3) allows an action to be brought by one harmed by a conspiracy formed "for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws."  42 U.S.C. § 1985(3); Farber v. City of Patterson, 440 F.3d 131, 134 (3d Cir. 2006).  To state a claim under Section 1985(3), Plaintiff must allege:

> (1) a conspiracy; (2) for the purposes of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is injured in his person or property or deprived of any right or privilege of a citizen of the United States.

Farber, 440 F.3d at 134 (quoting United Bhd. of Carpenters & Joiners v. Scott, 463 U.S. 825, 828-29 (1983)).

This civil rights provision was not "intended to provide a federal remedy for 'all tortious, conspiratorial interferences with the rights of others,' or to be a 'general federal tort law.'"  Id. at 135 (quoting Griffin v. Breckenridge, 403 U.S. 88, 101-02 (1971)).  Rather, Plaintiff must allege "some racial, *or perhaps otherwise class-based*, invidiously discriminatory animus behind the conspirators' action."  Id. (quoting Griffin, 403 U.S. at 102) (emphasis in original).  Thus, the conspiracy alleged must have been motivated by discriminatory animus against an identifiable class, and the discrimination must have been invidious.  Id.

Plaintiff's Complaint is devoid of any allegations of any of the elements required to

establish a Section 1985 claim.  Therefore, Plaintiff's Section 1985 claim will be dismissed.

### c.	Claims Under 42 U.S.C. § 1986

Section 1986 provides in relevant part:

> Every person who, having knowledge that any of the wrongs conspired to be done, and mentioned in section 1985 of this title, are about to be committed, and having power to prevent or aid in preventing the commission of the same, neglects or refuses so to do, if such wrongful act be committed, shall be liable to the party injured, or his legal representatives, for all damages caused by such wrongful act, which such person by reasonable diligence could have prevented...

42 U.S.C.A. § 1986.

Thus, to state a claim under Section 1986, Plaintiff must have stated a valid claim under 42 U.S.C. § 1985.  Bieros v. Nicola, 839 F. Supp. 332, 336 (E.D. Pa. 1993).  As noted above, Plaintiff has failed to do so.  Accordingly, Plaintiff's Section 1986 claim will be dismissed.

### d.	Claims Under 42 U.S.C. § 3631

Section 3631 is a violations and penalties provision under the Fair Housing Act.  It provides that penalties may be imposed against:

> Whoever, whether or not acting under color of law, by force or threat of force willfully injures, intimidates or interferes with, or attempts to injure, intimidate or interfere with--
>
>> (a) any person because of his race, color, religion, sex, handicap . . ., familial status . . ., or national origin and because he is or has been selling, purchasing, renting, financing, occupying, or contracting or negotiating for the sale, purchase, rental, financing or occupation of any dwelling...

42 U.S.C. § 3631.

Plaintiff's allegation that Judge Herron signed a decree removing Plaintiff as Mrs. Walthour's guardian fails to demonstrate any willful interference with Plaintiff's rights under the Fair Housing Act. Even construing the *pro se* Complaint liberally, the Court is unable to discern any relationship between Plaintiff's Fair Housing Act claim and the allegations in the Complaint. Therefore, Plaintiff's Section 3631 claim will be dismissed.

### B.    Judicial Immunity

Notwithstanding the fact that Plaintiff has failed to state any claims upon which relief may be granted, the Court also finds that Judge Herron is entitled to judicial immunity for all claims against him in his personal capacity. A judicial officer, in the performance of his duties as a judge, is absolutely immune from suit in his personal capacity and is not liable for his judicial acts. Azbuko v. Royal, 443 F.3d 302, 303 (3d Cir. 2006) (*per curiam*). A judge will not be deprived of his judicial immunity even if his actions were in error, or in excess of his authority, or were taken with malice. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Azbuko, 443 F.3d at 303. "[O]nly when he has acted in the 'clear absence of all jurisdiction'" will a judge be subject to liability. Stump, 435 U.S. at 356-57.

The allegations in Plaintiff's Complaint involve actions that were clearly taken in the performance of Defendant's duties as a judge. There are no facts to suggest that Judge Herron's conduct relates to actions taken in the clear absence of all jurisdiction. Accordingly, Judge Herron is entitled to judicial immunity for all claims against him in his personal capacity.

### III.    CONCLUSION

For all of the aforementioned reasons, Plaintiff's Complaint will be dismissed in its entirety. An appropriate Order follows.